UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK ELLIOTT FREEMAN,

    Plaintiff,

        v.                                 Civil Action No.  11-1046 (JEB)

HUGO CHARVIS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

*Pro se* Plaintiff Mark Elliott Freeman filed his utterly incomprehensible Complaint on June 6, 2011.  This pleading named 78 Defendants, including "Hugo Charvis" [Chavez?] and "Mummad Khaddfi," both of whom were described, along with most other Defendants, as living in the U.S. Virgin Islands.  After listing all of the Defendants for nineteen pages, Plaintiff's actual allegations cover only three pages, but mention everything from the alteration of his New Jersey high school records to his decision to decline matching funds when running for President of the United States to a settlement conference in the Virgin Islands to his request for 46 trillion dollars.  See Complaint at 20-22.

Seventy-eight summonses were issued to Plaintiff by the Clerk, and one month later, he returned about half of them in an envelope, on which was scrawled "refuse summons etc."  See ECF No. 2 at 41.  It is unclear whether he was refusing the summonses himself or whether certain Defendants had refused service.  He apparently had mailed the Complaint to at least two Defendants, who thereafter separately moved to dismiss on a number of grounds.  (One also explained, for the Court's edification, that what underlies this lawsuit is a 1995 settlement conference in the Virgin Islands in which Plaintiff took part.  See ECF No. 6 (Motion of

1

Defendant Todd Newman to Dismiss) at 2-3.)  When Plaintiff failed to oppose either Motion to Dismiss, despite warnings from the Court that failure to do so could lead to dismissal, the Court granted both Motions as conceded on Aug. 25 and Sept. 23, 2011, respectively.  See ECF Nos. 10-11, 15-16.

As Plaintiff had meanwhile failed to provide proof of service on any Defendant within the 120 days required by Fed. R. Civ. P. 4(m), the Court, on Oct. 4, 2011, ordered him to provide proof of service by Oct. 25, 2011, or show cause why the case should not be dismissed without prejudice.  See Minute Order, Oct. 4, 2011.  Plaintiff never responded.

Under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  The Court, therefore, afforded Plaintiff that notice on Oct. 4, but has heard nothing from him, rendering dismissal appropriate.  See Sabbagh v. United Arab Emirates, 87 Fed. Appx. 188 (D.C. Cir. 2004) ("The district court properly dismissed the action against appellee Alami as well, as no proof of service or explanation for the lack of service was filed within 120 days of the action's commencement.") (citations omitted); Thomas v. Shinseki, 2009 WL 2414419, at *1 (D.C. Cir. 2009) (no abuse of discretion to dismiss defendants who were not served within Rule 4(m)'s timeframe).

To the extent Plaintiff's return of half of the summonses almost four months ago is meant to imply that those Defendants refused service, he has not so informed the Court, which should not be in the business of guessing the meaning of a plaintiff's correspondence, even a *pro se* one.  In any event, under Rule 4(l), "[u]nless service is waived, proof of service must be made to the court.  Except for service by a United States marshal or deputy marshal, proof must be by the

server's affidavit." No affidavit or any form of proof has been offered, even regarding unsuccessful attempts at service. Finally, since all named Defendants are alleged to reside in either New Jersey or St. Croix, which is in a judicial district of the United States, foreign service rules do not apply.

    The Court, accordingly, will issue a contemporaneous Order dismissing the case without prejudice under Rule 4(m).

    IT IS SO ORDERED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:   October 27, 2011